# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACOB MUNT,

    Plaintiff,

v.                                                         Case No. 8:13-CV-2144-T-30AEP

MICHAEL S. SPARKMAN, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court is the *pro se* prisoner Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 and against Defendants Michael S. Sparkman, Mayor of Plant City, Florida, Bill McDaniel, Chief of Police, Plant City Police Department, Stevie Carmack, Detective, Plant City Police Department, and Officer John Stasiak, Plant City Police Department. Defendants are sued in both their official and individual capacities.

The complaint alleges that on August 16, 2011, at approximately 6:00 a.m., Plaintiff was driving a stolen vehicle. While driving through an intersection, Defendant Stasiak drove his police cruiser directly in front of the vehicle Plaintiff was driving. Plaintiff veered the vehicle to the right, and Defendant Stasiak's vehicle struck the driver's side door of Plaintiff's vehicle. Defendant Carmack was driving an unmarked police vehicle, and his vehicle struck the right side of the front bumper of Plaintiff's vehicle.

1

Plaintiff saw Carmack and another officer exit Carmack's vehicle. Carmack held a handgun and aimed it at Plaintiff. Plaintiff was unarmed and raised his hands up to show that he was not armed. Plaintiff was ordered to turn off his car's engine. As Plaintiff placed his hands on the steering wheel and reached for the ignition, Carmack and Stasiak fired upon Plaintiff a combined thirteen (13) times, striking Plaintiff once in his upper left arm and lacerating Plaintiff's face.

In fear for his life, Plaintiff put the car into reverse, and drove away from the scene. He drove over a "vehicle disabling device," and had to pull the car into a parking lot. Plaintiff partially removed himself out of the broken driver's side window when he "became still."

Stasiak approached Plaintiff with his gun aimed at Plaintiff and yelled "I will kill you. I will kill you." Stasiak's gun "made contact" with Plaintiff's face. Stasiak then pulled Plaintiff out of the window, cutting Plaintiff's chest and stomach on the broken glass. Stasiak then "repeatedly" struck Plaintiff while Plaintiff was on the ground, causing a laceration on the back of Plaintiff's head.

As a result of the incident, Plaintiff suffered a broken bone and nerve damage in his left arm, a severed brachial artery, lacerations on his head, chest, and stomach, and "post-traumatic stress disorder."

The complaint alleges that "Defendants. . .engaged in a custom and policy to knowingly violate Plaintiff's Fourth Amendment Protections to be free from the unnecessary and unreasonable excessive use of Deadly Force and excessive use of force against Plaintiff."

(Dkt. 1 at 8). As relief, Plaintiff requests a declaratory judgment, and both compensatory and punitive damages.

## STANDARD OF REVIEW

The Court has examined his complaint in accord with 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.* The Court finds, for reasons set forth *infra*, that the complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted against some Defendants. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless ." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

**I.     Defendants Sparkman and McDaniel**

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here the municipality of Plant City. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a

matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Defendants Sparkman and McDaniel in their official capacities under § 1983, Plaintiff must demonstrate that they had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the complaint alleges that Defendants Sparkman and McDaniel "had enacted a custom and policy of intentionally, knowingly and maliciously with deliberate indifference to the constitutional rights of Florida citizens, to include this Plaintiff, of allowing and or ignoring the rampant constitutional violations which officers of the Plant City Police Department engaged in." (Dkt. 1 at 9). This allegation, however, is conclusory and lacks sufficient specificity to support a theory of supervisor liability against Defendants Sparkman and McDaniel. *See Doe v. Sch. Bd.*, 604 F.3d 1248, 1267 (11th Cir. 2010). And, a policy or custom cannot be inferred from the single, isolated incident alleged in the complaint. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985) (single, isolated incident insufficient

to infer municipal policy or custom). Therefore, the complaint fails to state a claim against Defendants Sparkman and McDaniel in their official capacities.

To the extent that the allegations of the complaint may be read as an attempt to assert a claim against Defendants Sparkman and McDaniel in their his individual capacities predicated upon their supervisory positions, "[i]t is [] well established in this [c]ircuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006). Under § 1983, supervisory liability occurs only when the supervisor personally participates in the alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Cottone*, supra at 1360. The complaint is void of any facts that might be read to support an inference that a causal connection exists between Defendant Sparkman and McDaniel's conduct and Plaintiff's alleged injuries. Therefore, the claims against Defendants in their individual capacities are subject to dismissal.[1]

## II. Defendants Carmack and Stasiak

The complaint alleges that Defendants Carmack and Stasiak used excessive force during the course of Plaintiff's arrest in violation of the Fourth Amendment to the United States Constitution. Specifically, Plaintiff contends that Defendants Carmack and Stasiak

---

[1]Plaintiff may amend his complaint to allege more than conclusory statements, or abandon his claims against Defendants Sparkman and McDaniel in their individual and official capacities.

unnecessarily shot him, and Defendant Stasiak used excessive force in pulling Plaintiff out of the broken window of Plaintiff's car, and "repeatedly" striking Plaintiff while he was on the ground.

"[A] claim of 'excessive force in the course of making [a] . . . 'seizure' of [the] person . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard.'" *Scott v. Harris*, 550 U.S. 372, 381 (2007) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)) (alterations in the original). Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action given the facts and circumstances confronting him. *Graham*, 490 U.S. at 397; *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002) ("The question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer."). The Supreme Court has recognized that the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. Consequently, in determining whether an officer's use of force was objectively reasonable, thereby entitling the officer to qualified immunity, the court must consider several factors including: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Slicker v. Jackson*, 215 F.3d 1225, 1232-33 (11th Cir. 2000) (quoting *Moore v. Gwinnett County*, 967 F.2d 1495, 1498 (11th Cir. 1992) (quoting *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986))). A court should also consider "(1) the underlying crime's

severity; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists arrest or attempts to flee." *Lafavors v. Jenne*, 2006 U.S. App. LEXIS 2633, 2006 WL 249544, at *1 (11th Cir. Feb. 2, 2006) (unpublished) (citing Graham, 490 U.S. at 396). Moreover, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. In light of all of these considerations, the assessment of a police officer's use of force is a highly factual inquiry.

At this point in the proceedings, Plaintiff has alleged sufficient facts showing that Defendants Carmack and Stasiak's use of force was not objectively reasonable in violation of his Fourth Amendment rights. Plaintiff was unarmed, raised his hands in surrender, and was ordered to turn off the car's engine. When Plaintiff attempted to do so, Carmack and Stasiak shot at him thirteen (13) times, striking him once. The use of deadly force[2] against a person who poses no immediate threat to officers or others is unconstitutional. *Tenn. v. Garner*, 471 U.S. 1, 11 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. . . .A police officer may not seize an unarmed, nondangerous suspect by shooting him dead."). Moreover, Stasiak repeatedly struck Plaintiff as he was on

---

[2]"[D]eadly force' means force that creates a substantial risk of causing death or serious bodily injury." *Harris v. Coweta County*, 433 F.3d 807, 821 (11th Cir. 2005) (citation omitted).

the ground and not resisting arrest. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (The "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force.").

**Leave to Amend**

Within **thirty (30) days** from the date of this Order, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff *must* limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately

9

numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice to Plaintiff filing an amended complaint.

2. The **Clerk of Court** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on September 30, 2013.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff