**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JACOB MUNT,

    Plaintiff,

v.                                                       Case No. 8:13-CV-2144-T-30AEP

STEVIE CARMACK, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff's Amended Complaint (Dkt. 10). Plaintiff names Stevie Carmack and John Stasiak as Defendants, and sues them in their individual and official capacities.

To the extent Plaintiff names the Defendants in their official capacities, suing an individual in his official capacity is analogous to bringing a cause of action against the government entity that employs the individual, in this case, Plant City, Florida. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.4 (1985). The Amended Complaint, however, does not allege facts showing that a custom or policy implemented by Plant City or its police department was the "moving force" behind the Defendants' alleged excessive use of force. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A[ local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by

those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Therefore, the official capacity claims against Defendants shall be dismissed, without prejudice.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's official capacity claims against Defendants are **DISMISSED** without prejudice. This action shall proceed on Plaintiff's Fourth Amendment excessive force claims against Defendants Carmack and Stasiak in their individual capacities.

2. The **Clerk** shall send to Plaintiff each of the following forms. Plaintiff must complete each of the enclosed forms FOR EACH DEFENDANT:

>**A. Notice of Lawsuit and Request for Waiver of Service of Summons**
>
>Plaintiff should fill in the names of the parties as shown on the first page of this order (___ v. ___), and fill in the Civil Action No. In the blank following the word "To", Plaintiff shall write the <u>NAME AND ADDRESS</u> of the Defendant to whom the notice is to be sent. <u>THE FORM WILL BE RETURNED IF PLAINTIFF DOES NOT FILL IN THE DEFENDANT'S ADDRESS.</u> In the blank where it states "you must return the signed waiver within____days", Plaintiff should write in "30." <u>PLAINTIFF MUST SIGN THE NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS FORM.</u> Plaintiff *should not* fill in the date under the line that reads: "I certify that this request is being sent to you on the date below."
>
>**B. Waiver of Service of Summons**
>
>Plaintiff should fill in the names of the parties as shown on the first page of this order (___ v. ___), and fill in the Civil Action No. Plaintiff should write his name in the blank following the word "To". Plaintiff should **not** fill in any of the following lines on the form, and should **not** sign the form.

### C. Summons

Plaintiff is required to fill in the names of the parties, the civil action number, and the name(s) and address(es) of Defendant(s) in the appropriate spaces on the Summons form.

### D. USM-285 Process Receipt and Return

Plaintiff is required to fill in the name(s) and address(es) of Defendant(s) in the appropriate spaces on the marshal's form. PLAINTIFF MUST SIGN THE 285 FORM.

Plaintiff must then mail the completed forms and one copy of the Amended Complaint for *each* defendant to the Clerk's Office. Plaintiff must provide for each defendant to be served: (1) one copy of the Amended Complaint; (2) *two* copies of the Notice of Lawsuit and Request for Waiver of Service of Summons; (3) *two* copies of the Waiver of Service of Summons; (4) *five* copies of the USM-285 Process Receipt and Return form; and (5) one copy of this order. The completed forms and the copies of the Amended Complaint must be returned to the Clerk's Office within **TWENTY (20) DAYS**[1] of the date of this Order. Failure to return the completed forms and copy of the Amended Complaint within this time period will result in dismissal of the case for failure to prosecute, **without further notice**. Plaintiff's failure to provide the Court with properly completed documents necessary to effect service will render the Court unable to meet its responsibility pursuant to 28 U.S.C. § 1915(d) regarding service of process. The Court will then review the forms to determine

---

[1] Plaintiff is cautioned that pursuant to Fed. R. Civ. P. 4(m), failure to perfect service within 120 days after the filing of the complaint without a showing of good cause for the delay may result in dismissal of the claims against the unserved defendant(s).

whether they should be forwarded to the U.S. Marshal's Office to effect service.

3. Plaintiff shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

**DONE** and **ORDERED** in Tampa, Florida on October 28, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*